UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA DOMINGUEZ, as guardian ad litem for J.S., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:14-cv-00419 LJO JLT <br><br> FINDINGS AND RECOMMENDATIONS GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS <br><br> (Doc. 11, 12) |

I.  **Introduction**

Through his guardian ad litem Adriana Dominguez, J.S. brings this suit against the County of Kern, Sheriff Donny Youngblood, Deputies Sword, Greer, Miller, Kelley, Almanza, Brock and Stephens ("Defendants") and CHP Officers Phillips and Bright as well as against and Does 1-10.  In this action, J.S. alleges the Defendants subjected David Silva, the child's father, to excessive force and, as a result, caused his death. (Doc. 1)  Plaintiff alleges causes of action under 42 U.S.C. § 1983 under state law for false arrest/false imprisonment, battery (wrongful death), negligence (wrongful death), and violation of California Civil Code § 52.1 ("§ 52.1"). Id. at 1.

Defendants move to dismiss Plaintiff's complaint and argue she lacks capacity and standing. (Doc. 11 at 12; Doc. 12-1 at 11-12)  Further, Defendants assert that, even if Plaintiff has standing, her claims for Silva's pain and suffering are improper and that the remainder of the complaint fails to state a claim for relief.  (Doc. 11 at 3; Doc. 12-1 at 14, 16.)

1

For the reasons discussed below, the Court **RECOMMENDS** that Defendants' motions be **GRANTED IN PART** and **DENIED IN PART**.

## II. Background

Plaintiff alleges that at approximately 11:00 p.m. on May 7, 2013, David Silva was found asleep on the front lawn of a house across the street from the Kern Medical Center in Bakersfield, California. (Doc. 1 at 6) Phillips and Bright arrived at the scene and one or both of them awakened Silva with a "knuckle-rub" on his chest. Id. At the time, Silva was unarmed and did not have a weapon or anything that resembled a weapon. Id. Despite this, the rest of the officer-Defendants "converged" on Silva and began to beat him. Id. The officers used their batons, fists, boots, and a police dog to batter Silva. Id. During the beating, some of the officers placed Silva in restraints including handcuffs, hobble restraints or other restraints. Id. Silva "cried out in pain and begged for mercy." Id. "Before, during, and after the beating, [Silva] was in obvious and critical need of emergency medical care and treatment." Id. at 7.

Plaintiff asserts eleven causes of action for: (1) unlawful detention and arrest in violation of the Fourth Amendment; (2) excessive force in violation of the Fourth Amendment; (3) denial of medical care in violation of the Fourth Amendment; (4) violation of due process under the Fourteenth Amendment; (5) Monell liability; (6) conspiracy to interfere with civil rights under 42 U.S.C. § 1985 ("§ 1985"); (7) civil conspiracy under § 1985; (8) false arrest/false imprisonment; (9) battery; (10) negligence; and (11) violation of § 52.1. Defendants move to dismiss all eleven causes of action on the ground Plaintiff does not have standing to bring them. Defendants also assert that none of the causes of action states a claim for relief and that Plaintiff has failed to plead compliance with the California Tort Claims Act.

## III. Legal Standards

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the

complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the plaintiff's favor. Lazy Y. Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." Iqbal, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**IV. Discussion**

    **A. Plaintiff's Standing**

J.S. is Silva's minor daughter and brings this suit by and through her guardian ad litem, Adrian Dominguez, "both in her individual capacity as a child of [Silva] and in representative capacity as a successor in interest to [Silva] pursuant to California Code of Civil Procedure §

377.60(a)." (Doc. 1 at 1) Defendants assert Plaintiff does not have standing because she fails to comply with the five requirements of California Code of Civil Procedure § 377.32.[1] (Doc. 11 at 12; Doc. 12-1 at 12-13)  Moreover, Defendants assert that because she is a child, J.S. is not permitted to prosecute this action.

Noting the same failure to proceed via an appointed guardian ad litem, on May 5, 2014, the Court ordered Plaintiff to show cause why the matter should not be dismissed based upon her lack of capacity.  (Doc. 10)  In response, Ms. Dominguez, the child's mother, filed her petition to be appointed as the guardian ad litem and the Court granted this request.  (Docs. 18, 19)  Given this turn of events, Defendants no longer dispute Plaintiff has standing and is proceeding properly through her guardian ad litem. (Doc. 22 at 2; Doc. 23 at 2)  Thus, the motions to dismiss as to this argument are **RECOMMENDED** to be **DENIED** as **MOOT**.

**B.     The Garlick Action**

Currently pending before the Court is another action brought by Silva's significant other, Tara Garlick, and the couple's four children, by and through their guardian ad litem, Judy Silva. See Garlick v. County of Kern, No. 1:13-cv-01051-LJO-JLT, 2014 WL 1845034, at *1 (May 8, 2014) ("the Garlick action"). The Garlick action concerns the plaintiffs' claims for the wrongful death of Silva. Id. As the Court noted in its order permitting Ms. Silva's motion to amend the complaint to add J.S., among others, as plaintiffs, "California law permits only one action for wrongful death." Id. at *4, citing Cross v. Pacific Gas & Elec. Co., 60 Cal.2d 690, 694 (1964). The Court therefore ordered Plaintiff here to "address whether any part of this matter can be maintained in light of the fact that [the Garlick action] was filed earlier and also asserts wrongful death claims." (Doc. 17 citing Cross, 60 Cal.2d at 694).

Plaintiff argues that under Cross, "all parts of [Plaintiff's] matter can be maintained despite the earlier filing of the complaint in [the Garlick action]." Doc. 21 at 10. Plaintiff states "that Cross instructs that all heirs should join in a single action and that there cannot be a series of suits by heirs against the tortfeasor for their individual damages." Doc. 21 at 12 (citing Cross, 60 Cal.2d at 694). But Plaintiff argues that Cross "simply requires that her matter and those of [Silva's] other heirs be

---

[1] Plaintiff satisfied the § 377.32 requirements via a separately filed declaration.  (Doc. 3)

4

joined—not that her matter be dispensed with completely." Id.

The court in Cross held that California's wrongful death statute "is a procedural statute establishing compulsory joinder." Cross, 60 Cal.2d at 692. As the Court noted previously, "[a]ll heirs are necessary parties and 'plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death.'" Garlick, 2014 WL 1845034, at *4 (quoting Ruttenberg v. Ruttenberg, 53 Cal.App.4th 801, 808 (1997)). Thus, it is apparent that J.S. cannot maintain a wrongful death action separate from the Garlick action. However, because all parties agree that this action should be consolidated with Garlick, the Court will address the consolidation in a separate order.

### C. Plaintiff's Claims of Pain, Suffering, and Emotional Distress

Defendants moved to dismiss "Plaintiff's claims regarding (1) the Decedent's alleged pain and suffering and emotional distress; (2) hedonic damages for the Decedent's alleged loss of enjoyment of life; (3) damages for Plaintiff's pain and suffering and emotional distress caused by the Decedent's death." (Doc. 11 at 23- 26; Doc. 12-1 at 14-16) Defendants argue that, as a matter of law, Plaintiff cannot recover damages relating to Silva's pain and suffering and emotional distress under California Code of Civil Procedure § 377.34, which generally prohibits a decedent's estate from recovering for the decedent's pre-death pain and suffering. Defendants noted that this Court has previously held, "Federal courts in the Eastern District of California have generally concluded that California's survival statute applies to actions brought under § 1983 and bars recovery of emotional distress by a successor-in-interest." (Doc. 11 at 24; Doc. 12-1 at 14)

After Defendants' filed their motion, the Ninth Circuit determined Chaudhry v. City of L.A., __ F.3d __, 2014 WL 2030195, at *6 (9th Cir. May 19, 2014). Chaudry observed, "California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy." Thus, court held that "[s]ection 377.34 . . . does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law." Accordingly, Defendants agree that Plaintiff may recover for Silva's pain and suffering. (Doc. 22 at 2; Doc. 23 at 2) Therefore, the Court **RECOMMENDS** that Defendants' motions to dismiss Plaintiff's prayer for damages for Silva's pain and suffering be **DENIED**.

Defendants also move to dismiss Plaintiff's claims that she suffered pain and suffering and emotional distress as a result of Silva's death. (Doc. 11 at 14, 16-17; Doc. 12 at 14, 15-16) Because "[r]ecovery for emotional distress—grief and sorrow—is not allowed" on a wrongful death claim under California law, Mendoza v. City of West Covina, 206 Cal. App. 4th 702, 720 (2012), the Court **RECOMMENDS** that the motion to dismiss Plaintiff's prayer for damages for her own pain and suffering related to the death of Silva be **GRANTED without leave to amend**.

### D.  Plaintiff's Claim for Unlawful Detention and Arrest

Probable cause to arrests exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed ... an offense." Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010).  To detain a person for investigation requires only that the officer has a reasonable suspicion that criminal activity is afoot. Gallegos v. City of Los Angeles, 308 F.3d 987, 990 (9th Cir. 2002).  Because the standard for making a detention is lesser than probable cause, if the officer has probable cause to arrest, he also has a reasonable suspicion to detain a person.  Id.

Plaintiff alleges that at the time the officers encountered Silva, he was asleep on a lawn at 11:00 p.m. (Doc. 1 at 6)  There are no facts alleged that he was intoxicated, causing a disturbance or, in fact, that the lawn on which he slept did not belong to him.  Based upon the scant facts alleged, Plaintiff concludes that the officers detained Silva without reasonable suspicion and arrested him without probable cause in violation of the Fourth Amendment. (Doc. 1 at 7)  Plaintiff alleges that the officers are liable because they participated in or failed to prevent the wrongful detention and arrest of Silva.  Id.

Upon the same facts, Defendants argue that the officers had probable cause to arrest and detain Silva. (Doc. 1 at 6)  The Court agrees that the allegations that Silva was sleeping on the lawn of a home late at night and that he was "in obvious and critical need of emergency medical care and treatment" (Doc. 1 at 6, 7), provided the officers a sufficient basis for officers to detain Silva.  However, whether this situation could subject Silva to arrest or whether the officers' reasonable perceptions of Silva sleeping on the lawn or his physical condition constituted probable cause to arrest him, cannot be determined based upon the facts of the complaint.  Notably, in making their

6

1  argument, Defendants add extra facts not found in the complaint, that Silva was sleeping on private
2  property rather than his own property and, seemingly, assert that Silva was intoxicated.  However,
3  there are no facts alleged in the complaint that Silva was intoxicated or that he appeared to be at the
4  time the officers came upon him.  While it may turn out that Silva's acts constituted a trespass or
5  some other crime such to constitute probable cause for his arrest, the complaint does not contain
6  these facts and Court is bound by the allegations of the pleading. Cervantes v. City of San Diego, 5
7  F.3d 1273, 1274 (9th Cir.1993).

8        On the other hand, Plaintiff seems to allege alternatively that each of the officers detained
9  and arrested Silva or that *one or more* of the officers took these actions and the rest of the officers
10 failed to intervene.  (Doc. 1 at 2, 3, 6, 7)  However, Plaintiff fails to allege any fact that those who
11 failed to intervene were positioned such to observe the unlawful acts and had sufficient time to
12 intervene.  Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  Likewise, though pleading that
13 Donny Youngblood was the Sheriff at the time of this incident, seemingly, Plaintiff alleges that
14 Youngblood was present at the scene of the beating.  (Doc. 1 at 5, 6)  Confusingly, Plaintiff also
15 alleges her conclusion that Youngblood was an "integral[ ] participant" in the events or failed to
16 intervene in the beating through unnamed acts or omissions, though she does not allege—as she does
17 as to the other individual defendants—that Youngblood caused Silva's death.  Id. at 2, 3.  Thus, it is
18 unclear whether Plaintiff is attempting to impose supervisory liability but, if she is, there are not
19 facts alleged to support this claim.  Likewise, if Plaintiff intends to mean that Youngblood developed
20 or implemented customs and policies that caused the injuries, she fails to provide facts to support
21 this claim.  Maxwell v. Cnty. of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013).  Therefore, the
22 Court recommends the motion to dismiss the First Claim for Relief be **GRANTED with leave to**
23 **amend**.

      **E.**    **Plaintiff's Claim for Excessive Force**

25       Plaintiff claims the Officers used excessive force against Silva by beating him and that this
26 caused his death. (Doc. 1 at 6)  Plaintiff asserts the force was especially excessive because Silva
27 "was unarmed . . . outnumbered approximately 10 to 1 . . . and did not pose an imminent threat."
28 Doc. 1 at 8. Defendants move to dismiss Plaintiff's excessive force claim on the ground that it

contains only conclusory allegations and "fails to identify the individual actions of Defendants." Doc. 12-1 at 8.

Notably, the Fourth Amendment is violated by officers' use force when the quantum of force used is not reasonable. Graham v. Connor, 490 U.S. 386, 396 (1989).  Whether the officers' actions are objectively reasonable depends upon "the facts and circumstances confronting them without regard to their underlying intent or motivation." Id.

Defendants agree the complaint alleges that: Silva was found asleep; he was unarmed; he posed no threat to the safety of the Officers or others; and he was beaten to death by at least some of the Officer Defendants. Rather, Defendants argue that Plaintiff's allegations are not sufficiently specific as to each of the Defendants. However, the also complaint alleges: "The Officer Defendants beat the Decedent to death" (Doc. 1 at) and that Defendants Phillips and Bright and "Defendants Sword, Greer, Miller, Kelly, Almanza, Brock, And [sic] Stephens also proximately caused Decedent's . . . injuries by administering the blows that killed him, by . . . integrally participating or failing to intervene in the beating." (Id. at 2, 3) Also, as noted above, Plaintiff alleges that Youngblood failed to intervene in the beating.  Id. at 3.  Thus, in essence, Plaintiff alleges that Silva presented no reason for the officers to use force on him but, despite this, each one of them beat him and the blows landed by each caused Silva's death.  Alternatively, Plaintiff alleges that the officers failed to intervene in the beating.

On its face, this states a claim that each of the officers may be liable for the use of excessive force. Iqbal, 556 U.S. at 678. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.")  Defendants' arguments to the contrary, Plaintiff is not obligated to describe which blow she contends was landed by which officer nor is she required to identify which officer(s) she contends applied the hobble restraint, which officer(s) applied the handcuffs, etc.  Given Plaintiff was not present and Silva is dead, requiring her to do so would place an impossible pleading burden upon her.

On the other hand, Plaintiff has failed to support her allegation that the officers failed to intervene in the use of unlawful force.  As noted above, she has failed to allege facts sufficient to demonstrate the officer observed the use of excessive force and had the opportunity to intervene.

8

1  Robins, 60 F.3d at 1442.  Accordingly, the Court **RECOMMENDS** that Defendants' motions to
2  dismiss Plaintiff's second cause of action be **GRANTED with leave to amend**.

      **F.**      **Plaintiff's Claim for Denial of Medical Care**

Plaintiff's third cause of action for denial of medical care alleges that the Officers "knew that the failure to provide timely medical treatment to [Silva] could result in further significant injury or the unnecessary and wanton infliction of pain," but that they "disregarded that serious medical need, causing [Silva] great bodily harm, pain and suffering, and death." Doc. 1 at 9-10. Plaintiff alleges Silva "was in medical distress," Id. at 6, and "in obvious and critical need of emergency medical care and treatment," but that "Defendants did not timely summon medical care or permit medical personnel to treat [Silva]." Id. at 7. Plaintiff asserts Defendants' failure to timely attend to Silva's medical needs violated his constitutional rights. Id. at 9.

"Generally, police officers may meet their constitutional obligations if they promptly seek necessary medical attention for the arrestee by either summoning medical help or taking the injured arrestee to a hospital." Holcomb v. Ramar, No. 13-cv-1102, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013). Though Plaintiff asserts that the medical condition was "obvious," and that Silva was in "medical distress" and in "critical need of medical care," these statements are conclusions, not facts.  Iqbal, at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.").  Thus, the Court finds that Plaintiff has failed to provide sufficient facts to support that the officers were aware of Silva's medical condition or that the condition was such that they should have been aware. Accordingly, the Court **RECOMMENDS** that Defendants' motions to dismiss Plaintiff's third cause of action be **GRANTED with leave to amend**.

      **G.**      **Plaintiff's Claim for Monell Liability**

To establish municipal liability under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), a plaintiff must first establish that the officer deprived him or her of a constitutional right. Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Next, Plaintiff must show that an official city policy, custom, or practice was the moving force behind the constitutional injury. Monell, 436 U.S. at 694. A "policy" is a "deliberate choice to follow a course of action . . . made

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir.2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir.1990). "Since Iqbal, courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability. *See*, e.g., Rodriguez v. City of Modesto, 535 Fed. App'x 643, 646 (9th Cir.2013) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support); Via v. City of Fairfield, 833 F.Supp.2d 1189, 1196 (E.D.Cal.2011) (citing cases)." Wilson ex rel. Bevard v. City of W. Sacramento, 2014 WL 1616450 at * 1 (E.D. Cal. Apr. 22, 2014).

In her complaint, Plaintiff alleges that the County maintained numerous "unconstitutional customs, practices, and policies" that led to Silva being "severely injured, subjected to pain and suffering, and killed." (Doc. 1 at 15)  However, other than relying upon the allegations of what occurred during the incident with Silva, Plaintiff fails to provide any factual support for her *conclusions* that County maintain unconstitutional customs or policies.  Merely listing the policies Plaintiff believes are unconstitutional without factual support therefore is insufficient.  Iqbal, 556 U.S. at 678.  Instead, Plaintiff is required to allege such facts explaining *how* the policy or custom was deficient, *how* it caused the alleged harm, and *how* the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur.   Thus, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's fifth cause of action be **GRANTED**.

### H.     Plaintiff's Claims for Conspiracy

In her complaint, Plaintiff alleges that each of the individual defendants, except Youngblood, conspired to injure Silva and to violate his constitutional rights. (Doc. 1 at 16)  She raises this claim under 42 U.S.C. § 1985.  Defendants move to dismiss Plaintiff's claim for conspiracy to interfere with civil rights in violation of § 1985. Defendants assert that Plaintiff has failed to provide sufficient factual support for the claims.

Section 1985(1) makes it unlawful to conspire to prevent a person from engaging in an office of public trust or performing the duties of the office.  Subdivision (2) of this section makes it unlawful to conspire to intimidate a witness, to influence a grand or petit jury, to interfere in "the due course of justice" for the purpose of interfering with a person's entitlement to due process under the law.  42 U.S.C. § 1985(2).  Finally, subdivision (3) makes it unlawful to conspire to deprive a person of "equal protection of the laws, or of equal privileges and immunities under the laws," to interfere with a voter's right to advocate for their preferred candidate for the office of the presidency, the vice presidency or Congress or to injure in person for exercising any right assured citizens of this country. 42 U.S.C. § 1985(3).  Plaintiff's complaint fails to identify which subdivision of Section 1985 under which she intends to proceed though her opposition to the motion to dismiss seems to rely on subdivision (2).

### 1. Sixth Claim for Relief for Conspiracy to Interfere with Civil Rights

As Plaintiff admits, she fails to make any allegation or provide factual support that the alleged conspiracy set forth in the Sixth Claim for Relief was motivated by racial or other class-based discriminatory animus.[2] Torres ex rel. A.P.F.T. v. Hudson, 2014 WL 1379879, at *4 (E.D. Cal. Apr. 8, 2014).  Likewise, Plaintiff fails to allege facts to support that the conspiracy was formed, how the injuries resulted from the conspiracy or, even, the overt acts taken in furtherance of the conspiracy.  Instead, Plaintiff provides little more than a "mere allegation of conspiracy without factual specificity." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Accordingly, the Court **RECOMMENDS** that Defendants' motions to dismiss Plaintiff's claim for conspiracy to violate Silva's civil rights be **GRANTED with leave to amend**.

### 2. Seventh Claim for Relief for Witness Intimidation and Spoliation

In her complaint, Plaintiff details the overt acts she contends occurred related to the conspiracy set forth in the Seventh Claim for relief. (Doc. 1 at 18)  Likewise she alleges the Defendants conspired to cover up Silva's beating and death by, among other things, "arresting,

---

[2] Plaintiff argues in her opposition that Silva was "readily recognizable as a Latino male." (Doc. 20 at 24).  Impliedly, she argues that every unlawful act perpetrated upon a person of color equates to a showing of racial animus; not so. Even if this fact had been pleaded in the complaint, the cause of action would fail. Plaintiff is obligated to allege facts that the actors acted *because of* Silva's race; it is not enough merely to allege that the officers could distinguish Silva's race.

11

bullying, threatening, and intimidating eyewitnesses" in violation of § 1985. <u>Id</u>.

Though not stated, presumably, Plaintiff brings the claim under § 1985(2). To state a claim under this section, Plaintiff must allege, "(1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff." <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 909 (9th Cir. 1993).

Notably, at the time of the alleged witness intimidation, none of these witnesses had been called to testify and there is no allegation that they have been prevented from testifying in the future. Indeed, at the time of the events, there was no litigation in existence. Thus, Plaintiff has failed to state a claim. <u>Dehart v. Bonneville Power Admin.</u>, 2007 WL 2607375 at * 6 (D. Or. Sept. 4, 2007) ("Without a showing that plaintiffs had been called as witnesses and that Wright had used force, intimidation, or threats to prevent plaintiffs from testifying, plaintiffs' claim under 42 U.S.C. § 1985(2) fails.")

On the other hand, assuming Plaintiff seeks to rely upon § 1985(3), the claim fails for the reasons stated above. <u>Cassettari v. Nevada County, Cal.</u>, 824 F.2d 735, 739 (9th Cir. 1987). If she relies upon the first phrase of § 1985(2)—that Defendants conspired to obstruct justice in federal court—the allegations of destruction of evidence and falsification of police reports do not make out a state a claim. In <u>Brawer v. Horowitz</u>, 535 F.2d 830, 840 (3d Cir. 1976), the court rejected that agreeing to present false evidence was sufficient to state a claim under 42 U.S.C. 1985(2). The court held.

> The federal nexus, then, is not the class-based, invidiously discriminatory animus required by the second half of the subsection, but the connection of the proscribed activities to a federal court. Viewing the statute in this light and assuming appellants would seek to invoke this part, but see n.19 *supra*, the thrust of their argument must be that Horowitz and Mauceli "conspire(d) to . . . influence the verdict . . . or indictment of (the) grand or petit juror(s)" by agreeing to use perjured testimony and to conceal exculpatory evidence. After careful consideration we have concluded that such a construction would be impermissibly generous. We understand the first part of § 1985(2) to concern itself with conspiratorial conduct that directly affects or seeks to affect parties, witnesses or grand or petit jurors. The allegations of this complaint are different in kind. At best, the allegation is that the conspiracy "influenced" the jurors by precluding them from considering fully accurate evidence. We deem this "influence" to be too remote to fit within the intended ambit of § 1985(2)

<u>Id</u>.; <u>Dooley v. Reiss</u>, 736 F.2d 1392, 1395–96 (9th Cir.1984). Moreover, as noted above, the

complaint fails to allege the factual basis for the conclusion that the conspiracy exists. Because Plaintiff has failed to provide sufficient factual support and, even, has failed to identify which portion of § 1985 under which she intends to proceed, the Court **RECOMMENDS** that Defendants' motions to dismiss Plaintiff's seventh cause of action be **GRANTED with leave to amend**.

### J. Plaintiff's State Law Claims (Claims 8-10)

Plaintiff's eighth claim for relief is for false arrest/false imprisonment. The thrust of Plaintiff's claim is that Defendants' unlawful arrest and detention of Silva constituted false arrest/false imprisonment. Plaintiff alleges Silva was detained without reasonable suspicion and arrested without probable cause. For the reasons discussed above concerning Plaintiff's first cause of action, the Court **RECOMMENDS** that the motion to dismiss the eighth cause of action be **GRANTED with leave to amend.**

Defendants also move to dismiss Plaintiff's claims 8 through 11 on the ground Plaintiff has failed to comply with state claim-filing requirements. Specifically, Defendants assert Plaintiff failed to comply with the California Government Claims Act, which requires Plaintiff to have timely presented her state law tort claims to the County of Kern before filing this suit. Defendants claim that Plaintiff only alleges that she "complied with all applicable requirements" without any detail or explanation. See Doc. 1 at 5. Citing Young v. City of Visalia, 687 F.Supp.2d 1141 (E.D. Cal. Aug. 18, 2009), Plaintiff asserts that she "alleges compliance with the government tort claims act, as required," and that a more "particularized showing is not required." Doc. 20 at 25.

"Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity." Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 215 (2007). The claim must be filed within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2(a)). This requirement applies to all tort claims seeking money damages, including claims under § 52.1. See Williams v. City of Antioch, 2010 WL 3632199, at *4 (N.D. Cal. Sept. 2, 2010). In addition to complying with the claims presentation procedure, a plaintiff is obligated to plead compliance with the Act. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243 (2004). Failure to so plead equates to a failure to state a claim. Id.

To adequately plead compliance with the Act, a plaintiff must set forth sufficient facts to

demonstrate the presentation of a timely claim. Shirk, 42 Cal.4th at 215. "Complaints that do not allege **facts** demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Emphasis added.

Plaintiff has not alleged sufficient facts to support of her conclusion that she timely complied with the claim presentation requirements imposed under California law. Indeed, the entirety of Plaintiff's allegations in this regard is: "For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements." (Doc. 1 at 5) This does not suffice.

Moreover, Young is distinguishable. In that case, the plaintiffs' complaint alleged that they had submitted their tort claims to the city-defendant, that the basis for their claims was the events described in the complaint, that the complaint was filed after the claims were denied, and that all other prerequisites for filing the complaint were met. Young, 687 F.Supp.2d at 1152. As the court noted, "[a]lthough a bare allegation that the [California] Tort Claims Act has been followed would seem to be a mere conclusion that is insufficient . . . the Complaint contains more." Id. The court found that "[t]he factual allegation that a claim based on the events alleged in the complaint was presented to and rejected by [the city-defendant] gives muscle to the skeletal assertion that all prerequisites of the [California] Tort Claims Act have been fulfilled." Id. Here, however, Plaintiff alleges no facts and only a conclusion. Accordingly, the Court **RECOMMENDS** that Defendants' motions to dismiss Plaintiff's state law causes of action (claims 8-11) be **GRANTED with leave to amend**.

## FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends Defendants' motions to dismiss be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motions to dismiss Plaintiff's prayer for pain and suffering as to the decedent **DENIED**;

2. The motions to dismiss Plaintiff's prayer for compensation for her own pain and suffering be **GRANTED without leave to amend**;

3. The motions to dismiss the complaint for lack of standing be **DENIED**;

4. The motions to dismiss the complaint for lack of capacity be **DENIED as MOOT**;

5. In all other respects, the motions to dismiss be **GRANTED with leave to amend**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections must be filed within seven days of the date of service.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 9, 2014**                              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

15